Moncrief, J.
The learned counsel for the defendants concedes that in the absence of any restriction or limitation of the corporate powers, or legislative restraint upon the officers or agents of a corporation, contracts may be implied against corporations as against natural persons. It will be borne in mind that the claim made by the plaintiffs does not arise upon an allegation that a contract has been entered into with the defendants which might or might not conform to the provisions of the statute ■; and it must he assumed that each party to the controversy has acted in perfect good faith, and without intent to evade the requirements of the law, relative to the manner and form in which the defendants must contract for supplies to be furnished for the corporation. Every cáse to which we have been referred, as an authority against this claim, arose out of contract. In Appleby v. The Mayor, &c. (15 How Pr. 428,) the contract was made with the highest and not the lowest bidder, and contrary to an express provision of law, and *127 therefore held to he illegal and void. In Brady v. The Mayor, &c. (2 Bosw. 173,) the ground of claim set forth in the complaint is simply a special contract made with the defendants, duly performed by the plaintiff, and his work accepted ; and the court say, at page 179: “It is obvious to observe that there are no issues in this action to raise the question, upon the consideration of which the referee has decided in favor of the plaintiff, viz. that the plaintiff, having done the work, was entitled to receive what the work performed in making such rock excavation was reasonably worth ; and that the defendants have legal power to pay for work on the basis of a quantum meruit, though it was done without contract, or under an illegal and void contract.” McSpedon, &c. v. The Mayor, &c. (7 Bosw. 601,) was for work done, &c. under a contract-made with the clerk of the common council. In each of these cases, in which a contract was sought to be enforced, it was held that the contract, not being in compliance with the law, was illegal and void, and the conclusion was inevitable, that if the work, &c. was done, delivered, and accepted under an illegal contract, no implied .obligation of the defendants to pay the just value thereof could be invoked, for the reason that such implication must proceed out of, and issue, from that which never had a legal existence. The contract being annihilated for inherent vice, cannot be restored in another form to effectuate the same purpose for the contractor violating the law: “ Ex nihilo nihil Jit.” The plaintiffs, in good faith, against their wish, have had their property taken from them by the defendants, and the same has been consumed for public purposes ; the defendants continue to use such property, and assert that they have no legal right to do so, except under contract, as especially provided by law, and are therefore not legally bound to pay what they admit it is reasonably and justly worth. This proposition seems to me to shock the moral sense, and to be at variance with all principles of justice, and should not be affirmed, unless upon some authority directly in point. I can find no such authority. This case, upon the facts as presented to us, would seem to be anomalous.
*128 The defendants ought not to be allowed to say : “We are not permitted to make a parol contract, and we avail ourselves of our own disability.” It is said, in Hall v. The Mayor, &c. of Swansea, (5 Q. B. 547,) that if a municipal corporation has wrongfully got possession of the money of a stranger, or the money of one of its own members, the law raises an implied promise from the corporate body to refund the amount, just the same as in the ordinary case of a receipt of money by a private individual, which the latter has no right in conscience or equity to retain. “If the corporation have helped themselves to another man’s money, it would be absurd to say that they must bind themselves under seal to return it.” The defendants here have helped themselves to the property of the plaintiffs, and have consumed it for public purposes, so that the thing taken cannot be returned to the plaintiffs. It seems to me there can be no doubt of the liability of the defendants to restore to the plaintiffs the value of the property thus taken.
The plaintiffs are not actors in violating or attempting to avoid any law ; they have made no contract, oral or written, which can be questioned or denounced as illegal; it is not claimed by them that the defendants are liable by virtue of a contract made with them ; the plaintiffs simply say to the defendants : “ Having taken and consumed our property, the law should require that you shall make' us compensation by paying what it is worth.” (See 1 Atk. 196, ex parte Meymot. Hecker v. Mayor, &c. 28 How. Pr. 211. And see Bissell v. The Mich. South. and N. I. R. R. Co., 22 N. Y. Rep. 258.)
While it is true, as a general rule, that a corporation cannot, by its own act, enlarge its capacities, powers, or rights, and when it attempts to make contracts, must be held to a strict compliance with the statutory requirement's, and persons seeking to enforce such contracts must establish that the law has been satisfied by being made, &c. in the prescribed form, it does not, in my opinion, necessarily follow that it may not incur liabilities for which it must respond. In The People v. Flagg, (17 N. Y. Rep. 584,) it was argued by an able member of the court, in a matter quasi ex contractu, that the *129 corporation were liable for services requiring scientific knowledge, without a contract. In The Farmers’ Loan and Trust Company v. The Mayor, &c. (4 Bosw. 80,) .the action was for use and oocupation of a pier, upon an implied assumpsit to pay what its use was reasonably worth. So, too, it is not doubted corporations can be held liable in cases where property is used for sudden or special occasions or , great emergencies, as where. gunpowder might be appropriated to stay extensive conflagration, by blowing up buildings, under the direction of the Mayor and other officials. Assuming, therefore, that the gas consumed in lighting the streets of the city, under the criticism of this court in the Farmers’ Loan &c. v. The Mayor (supra,) can properly be termed a “ supply,” I am of the opinion that the defendants, having appropriated it to public uses, under the circumstances of this case, are liable.to pay to the plaintiff's what it was reasonably worth.
I concur with my brother Monell, that judgment should be directed to be entered against the defendants for the sum claimed and agreed upon, with costs.